T.C. Summary Opinion 2004-39


UNITED STATES TAX COURT


ALFREDO A. AND JANE R. GALAGAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5906-02S.                Filed March 25, 2004.


Alfredo A. Galagar, pro se.

<u>Ric D. Hulshoff</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies of $5,982 and $1,484 in petitioners' 1998 and 1999 Federal income taxes, respectively. After a concession by petitioners as to the deficiency for taxable year 1999, this Court must decide: (1) Whether petitioner Alfredo A. Galagar (petitioner) was a real estate professional under section 469(c)(7) during taxable year 1998, and, if not, (2) whether petitioners' claimed rental real estate loss is subject to the phaseout provision for rental real estate activities under section 469(i).

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Yorba Linda, California, at the time they filed their petition. Because petitioners did not meet the substantiation and recordkeeping requirements of section 7491(a)(2), the burden of proof remains on petitioners. Rule 142(a).

During taxable year 1998, petitioners owned and rented a single family home in Chino, California (the rental property). In connection with the rental property, petitioners attached Schedule E, Supplemental Income and Loss, to their jointly filed Form 1040, U.S. Individual Income Tax Return. On Schedule E, petitioners reported rental income in the amount of $14,748, and total expenses in the amount of $36,001, for a rental real estate loss of $21,253. Petitioners claimed that loss on Line 17 of their Form 1040. Respondent disallowed $20,721 of petitioners'

claimed $21,253 rental real estate loss. Respondent allowed $532 of petitioners' claimed rental real estate loss.

Section 469(a) generally disallows passive activity losses. Section 469(d)(1) defines passive activity loss as the excess of passive activity losses over passive activity income for the taxable year. Section 469(c)(1) defines passive activity as any activity which involves the conduct of any trade or business, and in which the taxpayer does not materially participate.

Under section 469(c)(2), passive activity includes any rental activity, "without regard to whether or not the taxpayer materially participates in the activity." Sec. 469(c)(4). However, under section 469(c)(7), section 469(c)(2) does not apply to the rental real estate activities of a taxpayer in the real property business (a real estate professional) if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).

A contemporaneous daily log is not required to establish the hours spent on real estate activities if established by "other reasonable means." Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Reasonable means

includes "identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries." Id.

Petitioner contends that during taxable year 1998, he spent more than 750 hours on his real estate activities and therefore qualifies as a real estate professional under section 469(c)(7). On his 1998 Form 1040, petitioner listed his occupation as a real estate professional. At trial, petitioner stated that he paid a management company to collect the rental payments from tenants and pay some of the repair expenses pertaining to the rental property. Petitioner further stated that the rental property was "run down" and that he supervised the repair work performed on the roof, pool, and landscape. Petitioner admitted that he estimated the time he spent and did not keep a log of his time. No appointment book, calendar, or narrative summaries were submitted at trial.

We have only petitioner's own oral testimony that he spent the requisite number of hours on his real estate activities. Petitioner failed to establish by any reasonable means that he spent more than 750 hours on his real estate activities. Thus, we must conclude that he was not a real estate professional under section 469(c)(7)(B) during taxable year 1998.

Section 469(i) generally allows a $25,000 offset for rental

real estate activities.  Section 469(i)(1) provides, in relevant part, that "in the case of any natural person," the passive activity loss disallowance under section 469(a) "shall not apply to that portion of the passive activity loss * * * attributable to all rental real estate activities with respect to which such individual actively participated in such taxable year".  Active participation includes making management decisions or arranging for others to provide services such as repairs.  Cf. <u>Madler v. Commissioner</u>, T.C. Memo. 1998-112.

Section 469(i)(2) imposes a $25,000 limitation on section 469(i)(1).  But section 469(i)(3)(A) provides that "the $25,000 amount under paragraph (2) shall be reduced (but not below zero) by 50 percent of the amount by which the adjusted gross income of the taxpayer for the taxable year exceeds $100,000."  Section 469(i)(3)(E)(iv) provides that "adjusted gross income shall be determined without regard to * * * any passive activity loss".

Assuming arguendo that petitioner actively participated in his rental real estate activities during taxable year 1998, petitioner could claim the $25,000 offset allowed under section 469(i)(1), subject to a phaseout.  We find that the phaseout under section 469(i)(3)(A) applies here.  On their 1998 Form 1040, petitioners reported wage income of $148,514, taxable interest of $402, and ordinary dividends of $21.  For purposes of section 469(i)(3)(A) and (E), petitioners' adjusted gross income

is $148,937. Petitioners' adjusted gross income exceeds $100,000 by $48,937. Fifty percent of $48,937 is $24,468 (rounded). The maximum offset amount is $25,000. Thus, under section 469(i), petitioners are entitled to a rental real estate loss of $532 for taxable year 1998, the amount determined by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.